UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| SINGLE STICK, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MICHAEL JOHANNS and the UNITED )<br>STATES DEPARTMENT OF )<br>AGRICULTURE, )<br>)<br>Defendants. )<br>) | Civil Action No. 06-1077 (RWR) |

**NOTICE IN OPPOSITION TO ENTRY OF DEFAULT**

TO THE CLERK OF THIS COURT AND ALL PARTIES OF RECORD:

Counsel for plaintiff, Single Stick, Inc., has filed an affidavit in support of default in this action. (Docket Entry #6.) Default should not be entered because that affidavit is insufficient for the clerk to enter default and defendants intend to litigate this action on its merits.

Under Rule 55(a) of the Federal Rules of Civil Procedure, the clerk of court is charged with entering a default. Fed. R. Civ. P. 55(a). That decision is not perfunctory or automatic; rather, the clerk must examine the sufficiency of the affidavit. See 10A Wright, Miller & Kane, *Federal Practice and Procedure* § 2682 (3d ed. 1998).

Default is a highly disfavored practice in the modern era. See Biton v. Palestinian Interim Self Gov't Auth., 233 F. Supp. 2d 31, 33 (D.D.C. 2002) ("resolving litigation by default is disfavored because of 'the strong policies favoring the resolution of genuine disputes on their merits. . . .'" (quoting Jackson v. Beech, 636 F.2d 831, 835 (D.C. Cir. 1980))); see also Wright et al., § 2681 ("Under modern procedure, defaults are not favored by the law and any doubts usually

will be resolved in favor of the defaulting party.").

Upon examination, Single Stick's affidavit is insufficient for entry of default. The text of Rule 55(a) provides that:

> When a party against whom a judgment for affirmative relief is sought has failed to plead *or otherwise defend* as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.

Fed. R. Civ. P. 55(a) (emphasis added). Single Stick's affidavit does not allege that defendants have failed to "otherwise defend" Single Stick's complaint. (Docket Entry #6.) To the contrary, defendants have filed a motion for extension of time to respond to Single Stick's complaint – a clear indication that defendants are prepared to "answer or otherwise defend" against Single Stick's complaint. (See Docket Entry #5.) Furthermore, the instant filing serves to notify the clerk's office that defendants do intend to defend against Single Stick's complaint, with a substantive response served within the time requested for an extension. See Wright, et al., § 2682 ("But, if a defendant appears and indicates a desire to contest the action, the court can exercise its discretion and refuse to enter a default. This approach is in line with the general policy that whenever there is doubt whether a default should be entered, the court ought to allow the case to be tried on the merits."). At a minimum, default should not be entered until after the Court rules on the merits of defendants' motion for extension of time to respond. (See id.)

In sum, default should not be entered because Single Stick's affidavit is insufficient, defendants do intend to litigate this action on the merits.

Dated: August 22, 2006                                      Respectfully submitted,

                                                              PETER D. KEISLER
                                                              Assistant Attorney General

KENNETH L. WAINSTEIN
United States Attorney

JAMES J. GILLIGAN
Assistant Branch Director

   /s/ Peter J. Phipps
PETER J. PHIPPS
United States Department of Justice
Civil Division, Federal Programs Branch
Tel: (202) 616-8482
Fax: (202) 616-8470
peter.phipps@usdoj.gov

<u>Mailing Address:</u>
Post Office Box 883
Washington, D.C.  20044

<u>Courier Address:</u>
20 Massachusetts Ave., N.W.
Washington, D.C. 20001

Attorneys for Defendants