UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| SINGLE STICK, INC., )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>MICHAEL JOHANNS and the UNITED )<br>STATES DEPARTMENT OF )<br>AGRICULTURE, )<br>)<br>    Defendants. )<br>) | Civil Action No. 06-1077 (RWR) |

DEFENDANTS' EXPEDITED MOTION FOR
AN EXTENSION OF TIME TO RESPOND

Defendants Michael Johanns and United States Department of Agriculture (collectively "USDA") hereby move for an extension of time to respond to Plaintiff Single Stick's Motion for Summary Judgment (Docket #11). Single Stick filed its summary judgment motion during the pendency of a fully-briefed motion to dismiss (see Docket #8-10), which could dispose of the litigation in its entirety. To promote efficiency and to avoid the waste of time and resources, USDA hereby moves to extend the time for responding to Single Stick's summary judgment motion until 30 days from the resolution of the pending motion to dismiss (Docket #8). Such a request avoids wasting time and resources in responding to the newly filed summary judgment motion should Single Stick's complaint be dismissed for failure to state a claim.

In addition to avoiding potentially unnecessary briefing, USDA's requested extension of time is fully consistent with the Court's ability to manage and control its docket effectively and efficiently. See Landis v. N. Am. Co., 299 U.S. 248, 254 (1936) (recognizing that a federal court has the inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); United States v. W. Elec. Co., Inc.,

46 F.3d 1198, 1207 n.7 (D.C. Cir. 1995) ("[A] trial court has inherent power to control the sequence in which it hears matters on its calendar.").[1]

Finally, by way of alternative relief, USDA seeks an extension of time of 60 days to respond to Single Stick's summary judgment motion (until April 23, 2007) to accommodate other pressing litigation matters to which undersigned defense counsel must attend, which include a preliminary injunction hearing, see Bridgewater Dairy, LLC v. USDA, Case No. 07-104 (N.D. Ohio), responsive briefing to constitutional challenges to a federal statute, see Hettinga v. USDA, Case No. 06-1637 (D.D.C.), and an investigation of an alleged leak of materials allegedly protected by the Privacy Act, see Paige v. DEA, Case No. 06-644 (D.D.C.).[2]

Dated: February 12, 2007    Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEFFREY A. TAYLOR
United States Attorney

JAMES J. GILLIGAN
Assistant Branch Director

  /s/ Peter J. Phipps
PETER J. PHIPPS
United States Department of Justice
Civil Division, Federal Programs Branch
Tel: (202) 616-8482
Fax: (202) 616-8470
peter.phipps@usdoj.gov

---

[1] Pursuant to LCvR 7(m) (D.D.C.), undersigned counsel has conferred with counsel for plaintiff, who indicated that he opposes the requested extension of 30 days from the date that the motion to dismiss is resolved.

[2] Plaintiff's counsel indicated that he consents to the requested alternative relief, i.e., an extension of 60 days to respond to the motion for summary judgment.

Mailing Address:
Post Office Box 883
Washington, D.C. 20044

Courier Address:
20 Massachusetts Ave., N.W.
Washington, D.C. 20001

Attorneys for Defendants