IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| SINGLE STICK, INC.<br>2046 W Rose Garden Lane<br>Phoenix, Arizona 85027<br><br>  Plaintiff<br><br>v.<br><br>MICHAEL JOHANNS, Secretary of Agriculture,<br>and the UNITED STATES DEPARTMENT OF<br>AGRICULTURE<br>1400 Pennsylvania Avenue, S.W.<br>Stop 0506<br>Room 3621-S<br>Washington, D.C. 20250-0506<br><br>  Defendants | Case No. 1:06-CV-01077 (RWR)<br><br>Judge Richard W. Roberts |

**SINGLE STICK, INC.'S OPPOSITION TO DEFENDANTS' EXPEDITED
MOTION FOR AN EXTENSION OF TIME UNTIL 30 DAYS FROM THE
RESOLUTION OF THE PENDING MOTION TO DISMISS**

  Plaintiff SINGLE STICK, INC. hereby opposes the defendants' expedited motion of an extension of time until 30 days from the resolution of the pending motion to dismiss.

  1.  Plaintiff filed suit seeking relief on the grounds that the defendants have violated 7 U.S.C. § 518d, violated 44 U.S.C. § 3516, note, and arbitrarily, capriciously, and in abuse of their discretion, denied plaintiff's administrative appeal.

  2.  Defendants filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), alleging that the complaint fails to state a claim for which relief can be granted.

3. Plaintiff answered the defendants' Rule 12(b)(6) motion, and has filed a Rule 56 motion for summary judgment, as the operative facts are not disputed, and plaintiff is entitled to judgment as a matter of law.

4. The defendants now request either an extension of time to respond to the plaintiff's summary judgment motion until 30 days from the resolution of the pending motion to dismiss, or an extension until April 23, 2007. The plaintiff opposes the former, but consents to the latter.

5. The defendants assert as legal bases for the extension the notion that the Rule 12(b)(6) motion will "dispose of the litigation in its entirety," and that delay "avoids wasting time and resources in responding to the newly filed summary judgment motion should [plaintiff's] complaint be dismissed for failure to state a claim."

6. The Rule 12(b)(6) motion cannot properly dispose of this case in its entirety. A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) ("The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."). Accordingly, the factual allegations of the complaint must be presumed true and liberally construed in the plaintiff's favor. Shear v. Nat'l Rifle Ass'n of Am., 606 F. 2d 1251, 1253 (D.C. Cir. 1979). Where the Court must consider "matters outside the pleadings" to reach its conclusion, a motion to dismiss "must be treated as one for summary judgment and disposed of as provided in Rule 56." See Fed. R. Civ. P. 12(b); see also Yates v. District of Columbia, 324 F. 3d 724, 725 (D.C. Cir. 2003).

7.      This case presents three basic questions: (1) Did the defendants comply with 7 U.S.C. 518d?; (2) did the defendants comply with 44 U.S.C. § 3516, note?; and (3) does the record support the challenged final agency action?[1]  Even if the defendants were to prevail on the first two statutory interpretation questions, the fact of the matter is that the Court would necessarily be required to consider matters outside of the pleadings - specifically, the administrative record - to resolve the third question, thereby converting the Rule 12(b)(6) motion into a Rule 56 motion for summary judgment.

8.      Consequently, additional briefing would be required. All parties must be given a "reasonable opportunity" to present all material made pertinent to such a motion by Rule 56, and it is settled that the term "reasonable opportunity' includes the opportunity "to pursue reasonable discovery" (or, as in this administrative law case, present record evidence). <u>Thorne v. District of Columbia, et al.</u>, 2006 U.S. Dist. LEXIS 91438, *18-19 (D.D.C. 2006)(citations omitted).

9.      Furthermore, the failure to resolve this case on the merits now could mean that an amended complaint will have to be filed.  That filing, in turn, is likely to generate even more motions and briefs, placing an additional burden on the Court, causing additional delay, and imposing additional expenses on the plaintiff and on the taxpayers, and all entirely unrelated to the merits of this matter.

10.     The purpose of the plaintiff's motion for summary judgment and memorandum of law, which are supported by a statement of material facts, copious

---

[1] This question, in turn has two components: (1) Does the record demonstrate that the challenged agency action meet applicable legal tests, including both the Administrative Procedure Act and 7 U.S.C. § 518d(j)?; and (2) Did the defendants violate the plaintiff's rights by denying the plaintiff information needed to effectively pursue its appeal?

record citations, an affidavit, and numerous documentary exhibits, is to put this case before the Court in a manner that *will* lead to the final disposition of this litigation.

11. Administrative appeals are typically resolved via summary judgment - the defendant has not offered any reason why this case should depart from the common paradigm. The plaintiff is sensitive to the scheduling and time demands on the defendants' counsel, and readily consents to the requested sixty day extension of time. However, the plaintiff deserves a final determination on the merits as quickly as possible. Deciding this case piecemeal, as the defendants' suggest, will do nothing more than cause needless delay and expense.

WHEREFORE, the plaintiff respectfully requests that the defendants' request that the time for responding to the summary judgment motion be extended until 30 days from the date of the resolution of the pending motion to dismiss be denied; however, the plaintiff does not object to the defendants' request for an extension of time until April 23, 2007 to respond.

Respectfully submitted,
SINGLE STICK

/s/ Reed D. Rubinstein
Reed D. Rubinstein (DC 400153)
Donald Stein (DC 358903)
GREENBERG TRAURIG LLP
800 Connecticut Avenue, N.W.
Washington, D.C. 20006
(202) 331-3100

*Attorneys for Single Stick, Inc.*

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was mailed, postage prepaid, this 14th day of February, 2007 to:

Peter J. Phipps
United States Department of Justice
Civil Division, Federal Programs Branch
Post Office Box 883
Washington, D.C. 20044

                                                /s/ Reed D. Rubinstein

WDC 371345562v1 2/5/2007