UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| SINGLE STICK, INC., ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 06-1077 (RWR) |
| ) | |
| v. ) | |
| ) | |
| MICHAEL JOHANNS and the UNITED ) | |
| STATES DEPARTMENT OF ) | |
| AGRICULTURE, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S
STATEMENT OF MATERIAL FACTS**

Defendants Michael Johanns and the United States Department of Agriculture (collectively, "USDA") hereby respond to plaintiff Single Stick's statement of material facts in numbered paragraphs corresponding to the numbered paragraphs of the statement of material facts as follows:

1. This paragraph does not contain a citation to the record before the Court on summary judgment as required by D.D.C. Civ. R. 56.1, and therefore no response is required; nonetheless, USDA does not dispute this statement.

2. This paragraph does not contain a citation to the record before the Court on summary judgment as required by D.D.C. Civ. R. 56.1, and therefore no response is required. In addition, this paragraph is primarily a legal conclusion, not a factual statement requiring a response; USDA refers the Court to its briefing for all relevant legal analysis. To the extent that this paragraph contains factual allegations, USDA objects to those as immaterial.

3. This paragraph does not contain a citation to the record before the Court on summary judgment as required by D.D.C. Civ. R. 56.1, and therefore no response is required. In addition, this paragraph contains legal conclusions, not factual statements requiring a response; USDA refers the Court to its briefing for all relevant legal analysis.

4. This paragraph does not contain a citation to the record before the Court on summary judgment as required by D.D.C. Civ. R. 56.1, and therefore no response is required. In addition, this paragraph contains legal conclusions, not factual statements requiring a response; USDA refers the Court to its briefing for all relevant legal analysis.

5. This paragraph does not contain a citation to the record before the Court on summary judgment as required by D.D.C. Civ. R. 56.1, and therefore no response is required. In addition, this paragraph contains legal conclusions, not factual statements requiring a response; USDA refers the Court to its briefing for all relevant legal analysis.

6. This paragraph does not contain a citation to the record before the Court on summary judgment as required by D.D.C. Civ. R. 56.1, and therefore no response is required. In addition, this paragraph contains legal conclusions, not factual statements requiring a response; USDA refers the Court to its briefing for all relevant legal analysis. Moreover, the Fair and Equitable Tobacco Reform Act of 2004 (the "Reform Act"), see Pub. L. No 108-357, 118 Stat. 1418, 1522 (Oct. 22, 2004), does not speak in terms of "tobacco companies" but rather in terms of "manufacturers and importers" of each class of "tobacco products." See, e.g., 7 U.S.C. § 518d(c)(1)-(2); § 518d(f)(1).

7. This paragraph does not contain a citation to the record before the Court on summary judgment as required by D.D.C. Civ. R. 56.1, and therefore no response is required. Moreover, USDA disputes the factual characterizations contained in this paragraph.

8.      This paragraph does not contain a citation to the record before the Court on summary judgment as required by D.D.C. Civ. R. 56.1, and therefore no response is required. In addition, this paragraph contains legal conclusions, not factual statements requiring a response; USDA refers the Court to its briefing for all relevant legal analysis.

9.      This paragraph does not contain a citation to the record before the Court on summary judgment as required by D.D.C. Civ. R. 56.1, and therefore no response is required. In addition, this paragraph is primarily a legal conclusion, not a factual statement requiring a response; USDA refers the Court to its briefing for all relevant legal analysis. To the extent that this paragraph contains factual allegations, USDA objects to those as immaterial.

10.     This paragraph does not contain a citation to the record before the Court on summary judgment as required by D.D.C. Civ. R. 56.1, and therefore no response is required. In addition, USDA objects to the first sentence of this paragraph as immaterial. The second sentence in this paragraph contains legal conclusions, not factual statements requiring a response; USDA refers the Court to its briefing for all relevant legal analysis.

11.     This paragraph does not contain a citation to the record before the Court on summary judgment as required by D.D.C. Civ. R. 56.1, and therefore no response is required. In addition, this paragraph is primarily a legal conclusion, not a factual statement requiring a response; USDA refers the Court to its briefing for all relevant legal analysis. To the extent that this paragraph contains factual allegations, USDA objects to those as immaterial.

12.     This paragraph does not contain a citation to the record before the Court on summary judgment as required by D.D.C. Civ. R. 56.1, and therefore no response is required.

13.     This paragraph does not contain a citation to the record before the Court on summary judgment as required by D.D.C. Civ. R. 56.1, and therefore no response is required.

USDA further objects to this paragraph as immaterial.

14. This paragraph does not contain a citation to the record before the Court on summary judgment as required by D.D.C. Civ. R. 56.1, and therefore no response is required. In addition, this paragraph is primarily a legal conclusion, not a factual statement requiring a response; USDA refers the Court to its briefing for all relevant legal analysis. To the extent that this paragraph contains factual allegations, USDA objects to those as immaterial.

15. This paragraph does not contain a citation to the record before the Court on summary judgment as required by D.D.C. Civ. R. 56.1, and therefore no response is required. In addition, this paragraph is primarily a legal conclusion, not a factual statement requiring a response; USDA refers the Court to its briefing for all relevant legal analysis. To the extent that this paragraph contains factual allegations, USDA objects to those as immaterial. USDA further points out that while immaterial, the excise tax rate for large cigars is presently 20.719%, see 26 U.S.C. § 5701(a)(2).

16. This paragraph does not contain a citation to the record before the Court on summary judgment as required by D.D.C. Civ. R. 56.1, and therefore no response is required. Moreover, USDA disputes the factual characterizations contained in this paragraph. As made clear in its briefing, to determine Reform Act assessments for cigar manufacturers and importers, USDA used the number of cigars reported on excise tax returns of cigar manufacturers and importers. See 7 U.S.C. § 518d(g)(1) (calculation of volume of domestic sales will be based on data from manufacturers and importers); 7 U.S.C. § 518d(h)(1) (requiring each manufacturer or importer to submit certified copies of excise tax returns); 7 C.F.R. § 1463.6(b)(1)(ii); see also 7 U.S.C. § 518d(g)(3) (using the number of cigars as the basis for determining the assessment on a cigar manufacturer or importer).

17. This paragraph does not contain a citation to the record before the Court on summary judgment as required by D.D.C. Civ. R. 56.1, and therefore no response is required. Moreover, USDA disputes the factual characterizations contained in this paragraph for the reasons stated in response to paragraph 16.

18. USDA refers the Court to the Federal Register citation for a true and accurate statement of its contents and the time periods for which these figures cited therein pertain. USDA further disputes this statement because the referenced Table 1 at 70 Fed. Reg. 7007, 7008, makes no mention of the term "gross domestic volume," and to the extent that this paragraph contains legal conclusions, and not factual statements requiring a response, USDA refers the Court to its briefing for all relevant legal analysis.

19. This paragraph does not contain a citation to the record before the Court on summary judgment as required by D.D.C. Civ. R. 56.1, and therefore no response is required.

20. This paragraph does not contain a citation to the record before the Court on summary judgment as required by D.D.C. Civ. R. 56.1, and therefore no response is required. Moreover, USDA disputes the factual characterizations contained in this paragraph for the reasons stated in response to paragraph 16.

21. This paragraph does not contain a citation to the record before the Court on summary judgment as required by D.D.C. Civ. R. 56.1, and therefore no response is required.

22. This paragraph does not contain a citation to the record before the Court on summary judgment as required by D.D.C. Civ. R. 56.1, and therefore no response is required.

23. This paragraph does not contain a citation to the record before the Court on summary judgment as required by D.D.C. Civ. R. 56.1, and therefore no response is required.

24. This paragraph does not contain a citation to the record before the Court on

summary judgment as required by D.D.C. Civ. R. 56.1, and therefore no response is required. Moreover, USDA disputes this paragraph and states that A.C. Nielsen survey data are 'point of sale' data, which are not appropriate data for purposes of calculating Tobacco Transition Payment Program assessments, which are based on the removal of "tobacco products" into commerce. See 7 U.S.C. § 518d(g)(3)(A); 7 U.S.C. § 518d(h)(1)-(2).

25. This paragraph does not contain a citation to the record before the Court on summary judgment as required by D.D.C. Civ. R. 56.1, and therefore no response is required. In addition, this paragraph contains legal conclusions, not factual statements requiring a response; USDA refers the Court to its briefing for all relevant legal analysis.

26. This paragraph does not contain a citation to the record before the Court on summary judgment as required by D.D.C. Civ. R. 56.1, and therefore no response is required.

27. This paragraph does not contain a citation to the record before the Court on summary judgment as required by D.D.C. Civ. R. 56.1, and therefore no response is required.

28. This paragraph does not contain a citation to the record before the Court on summary judgment as required by D.D.C. Civ. R. 56.1, and therefore no response is required.

29. This paragraph does not contain a citation to the record before the Court on summary judgment as required by D.D.C. Civ. R. 56.1, and therefore no response is required.

30. This paragraph does not contain a citation to the record before the Court on summary judgment as required by D.D.C. Civ. R. 56.1, and therefore no response is required.

31. This paragraph does not contain a citation to the record before the Court on summary judgment as required by D.D.C. Civ. R. 56.1, and therefore no response is required. In addition, this paragraph contains legal conclusions, not factual statements requiring a response; USDA refers the Court to its briefing for all relevant legal analysis.

32. This paragraph does not contain a citation to the record before the Court on summary judgment as required by D.D.C. Civ. R. 56.1, and therefore no response is required. In addition, this paragraph contains legal conclusions, not factual statements requiring a response; USDA refers the Court to its briefing for all relevant legal analysis.

33. This paragraph does not contain a citation to the record before the Court on summary judgment as required by D.D.C. Civ. R. 56.1, and therefore no response is required. Moreover, USDA disputes the factual characterizations contained in this paragraph for the reasons stated in response to paragraph 16.

34. This paragraph does not contain a citation to the record before the Court on summary judgment as required by D.D.C. Civ. R. 56.1, and therefore no response is required. In addition, this paragraph is primarily a legal conclusion, not a factual statement requiring a response; USDA refers the Court to its briefing for all relevant legal analysis. To the extent that this paragraph contains characterizations of any facts, USDA disputes those for the reasons stated in response to paragraph 16.

35. This paragraph does not contain a citation to the record before the Court on summary judgment as required by D.D.C. Civ. R. 56.1, and therefore no response is required. USDA disputes that its determination of the number of cigars removed by Single Stick is an 'estimate,' as explained in response to paragraph 16. USDA does not dispute that its determination of the number of cigars removed by Single Stick is accurate.

36. This paragraph does not contain a citation to the record before the Court on summary judgment as required by D.D.C. Civ. R. 56.1, and therefore no response is required. Moreover, USDA disputes the factual characterizations contained in this paragraph for the reasons stated in response to paragraph 16.

37. This paragraph does not contain a citation to the record before the Court on summary judgment as required by D.D.C. Civ. R. 56.1, and therefore no response is required. Moreover, USDA disputes the factual characterizations contained in this paragraph for the reasons stated in response to paragraph 16. Furthermore, this paragraph is immaterial for the reasons stated in response to paragraph 24.

38. This paragraph does not contain a citation to the record before the Court on summary judgment as required by D.D.C. Civ. R. 56.1, and therefore no response is required. Moreover, this paragraph is immaterial for the reasons stated in response to paragraph 24.

39. This paragraph does not contain a citation to the record before the Court on summary judgment as required by D.D.C. Civ. R. 56.1, and therefore no response is required.

40. This paragraph does not contain a citation to the record before the Court on summary judgment as required by D.D.C. Civ. R. 56.1, and therefore no response is required. Moreover, USDA disputes this paragraph for the reasons stated in response to paragraph 16.

41. This paragraph does not contain a citation to the record before the Court on summary judgment as required by D.D.C. Civ. R. 56.1, and therefore no response is required. Moreover, USDA disputes this paragraph for the reasons stated in response to paragraph 16. Furthermore, USDA refers the Court to the Letter to Rubinstein at 1 (Feb. 8, 2006) (copy attached to Mem. in Opp. to S.J. as Ex. 1), for evidence that the USDA hearing officer determined that USDA's method of acquiring data was the most accurate method.

42. This paragraph does not contain a citation to the record before the Court on summary judgment as required by D.D.C. Civ. R. 56.1, and therefore no response is required. Moreover, this paragraph is immaterial for the reasons stated in response to paragraph 24. Furthermore, USDA refers the Court to the Letter to Rubinstein at 1 (Feb. 8, 2006) (copy

attached to Mem. in Opp. to S.J. as Ex. 1), for evidence that the USDA hearing officer determined that USDA's method of acquiring data was the most accurate method.

43. This paragraph does not contain a citation to the record before the Court on summary judgment as required by D.D.C. Civ. R. 56.1, and therefore no response is required. Moreover, USDA disputes the characterizations contained in this paragraph for the reasons stated in response to paragraph 16. Furthermore, USDA refers the Court to the Letter to Rubinstein at 1 (Feb. 8, 2006) (copy attached to Mem. in Opp. to S.J. as Ex. 1), for evidence that the USDA hearing officer determined that USDA's method of acquiring data was the most accurate method.

44. This paragraph does not contain a citation to the record before the Court on summary judgment as required by D.D.C. Civ. R. 56.1, and therefore no response is required. Furthermore, USDA refers the Court to the Letter to Rubinstein at 1 (Feb. 8, 2006) (copy attached to Mem. in Opp. to S.J. as Ex. 1), for evidence that the USDA hearing officer determined that USDA's method of acquiring data was the most accurate method. Finally, USDA disputes that Single Stick was denied its ability to pursue administrative appeal – Single Stick did so, and that appeal was granted in part and denied in part. See generally Ltr. to Rubinstein (Feb. 8, 2006) (copy attached to Mem. in Opp. to S.J. as Ex. 1).

45. This paragraph does not contain a citation to the record before the Court on summary judgment as required by D.D.C. Civ. R. 56.1, and therefore no response is required. USDA further disputes the factual allegations contained in this paragraph because USDA provided Single Stick with a statements of the number of cigars it removed into commerce and the total number of cigars removed into commerce by all manufacturers and importers.

46. This paragraph does not contain a citation to the record before the Court on summary judgment as required by D.D.C. Civ. R. 56.1, and therefore no response is required. In

9

addition, this paragraph contains legal conclusions, not factual statements requiring a response; USDA refers the Court to its briefing for all relevant legal analysis.

    47.    This paragraph does not contain a citation to the record before the Court on summary judgment as required by D.D.C. Civ. R. 56.1, and therefore no response is required. Moreover, USDA disputes the characterizations contained in this paragraph and states that Single Stick did pursue an administrative appeal, which was granted in part and denied in part. <u>See generally</u> Ltr. to Rubinstein (Feb. 8, 2006) (copy attached to Mem. in Opp. to S.J. as Ex. 1).

    48.    This paragraph does not contain a citation to the record before the Court on summary judgment as required by D.D.C. Civ. R. 56.1, and therefore no response is required. Furthermore, USDA objects to this paragraph as immaterial.

    49.    This paragraph does not contain a citation to the record before the Court on summary judgment as required by D.D.C. Civ. R. 56.1, and therefore no response is required. Furthermore, USDA objects to this paragraph as immaterial.

    50.    This paragraph does not contain a citation to the record before the Court on summary judgment as required by D.D.C. Civ. R. 56.1, and therefore no response is required. Furthermore, USDA objects to this paragraph as immaterial.

    51.    This paragraph does not contain a citation to the record before the Court on summary judgment as required by D.D.C. Civ. R. 56.1, and therefore no response is required. Moreover, USDA disputes the factual characterizations contained in this paragraph for the reasons stated in response to paragraph 24. Furthermore, USDA refers the Court to the Letter to Rubinstein at 1 (Feb. 8, 2006) (copy attached to Mem. in Opp. to S.J. as Ex. 1), for evidence that the USDA hearing officer determined that USDA's method of acquiring data was the most accurate method.

52. This paragraph does not contain a citation to the record before the Court on summary judgment as required by D.D.C. Civ. R. 56.1, and therefore no response is required. Moreover, USDA disputes the characterizations contained in this paragraph for the reasons stated in response to paragraph 16. Furthermore, USDA refers the Court to the Letter to Rubinstein at 1 (Feb. 8, 2006) (copy attached to Mem. in Opp. to S.J. as Ex. 1), for evidence that the USDA hearing officer determined that USDA's method of acquiring data was the most accurate method.

53. This paragraph does not contain a citation to the record before the Court on summary judgment as required by D.D.C. Civ. R. 56.1, and therefore no response is required. Furthermore, USDA objects to this paragraph as immaterial.

54. This paragraph does not contain a citation to the record before the Court on summary judgment as required by D.D.C. Civ. R. 56.1, and therefore no response is required. Furthermore, USDA objects to this paragraph as immaterial.

55. This paragraph does not contain a citation to the record before the Court on summary judgment as required by D.D.C. Civ. R. 56.1, and therefore no response is required. Furthermore, USDA objects to this paragraph as immaterial.

56. This paragraph does not contain a citation to the record before the Court on summary judgment as required by D.D.C. Civ. R. 56.1, and therefore no response is required. Furthermore, USDA objects to this paragraph as immaterial.

57. This paragraph does not contain a citation to the record before the Court on summary judgment as required by D.D.C. Civ. R. 56.1, and therefore no response is required.

58. This paragraph does not contain a citation to the record before the Court on summary judgment as required by D.D.C. Civ. R. 56.1, and therefore no response is required. In addition, this paragraph contains legal conclusions, not factual statements requiring a response;

USDA refers the Court to its briefing for all relevant legal analysis.

  59. This paragraph does not contain a citation to the record before the Court on summary judgment as required by D.D.C. Civ. R. 56.1, and therefore no response is required. In addition, this paragraph contains legal conclusions, not factual statements requiring a response; USDA refers the Court to its briefing for all relevant legal analysis.

  60. This paragraph does not contain a citation to the record before the Court on summary judgment as required by D.D.C. Civ. R. 56.1, and therefore no response is required. In addition, this paragraph contains legal conclusions, not factual statements requiring a response; USDA refers the Court to its briefing for all relevant legal analysis.

  61. This paragraph does not contain a citation to the record before the Court on summary judgment as required by D.D.C. Civ. R. 56.1, and therefore no response is required. In addition, this paragraph contains legal conclusions, not factual statements requiring a response; USDA refers the Court to its briefing for all relevant legal analysis.

  62. This paragraph does not contain a citation to the record before the Court on summary judgment as required by D.D.C. Civ. R. 56.1, and therefore no response is required. In addition, this paragraph contains legal conclusions, not factual statements requiring a response; USDA refers the Court to its briefing for all relevant legal analysis.

  63. This paragraph does not contain a citation to the record before the Court on summary judgment as required by D.D.C. Civ. R. 56.1, and therefore no response is required. In addition, this paragraph contains legal conclusions, not factual statements requiring a response; USDA refers the Court to its briefing for all relevant legal analysis.

  64. This paragraph does not contain a citation to the record before the Court on summary judgment as required by D.D.C. Civ. R. 56.1, and therefore no response is required.

Moreover, USDA disputes the characterizations contained in this paragraph for the reasons stated in response to paragraph 16.

65.     This paragraph does not contain a citation to the record before the Court on summary judgment as required by D.D.C. Civ. R. 56.1, and therefore no response is required. In addition, this paragraph contains legal conclusions, not factual statements requiring a response; USDA refers the Court to its briefing for all relevant legal analysis.

66.     This paragraph does not contain a citation to the record before the Court on summary judgment as required by D.D.C. Civ. R. 56.1, and therefore no response is required. In addition, this paragraph is primarily a legal conclusion, not a factual statement requiring a response; USDA refers the Court to its briefing for all relevant legal analysis. To the extent that this paragraph contains characterizations facts, USDA disputes those for the reasons stated in response to paragraph 16 and objects to those as immaterial.

67.     This paragraph does not contain a citation to the record before the Court on summary judgment as required by D.D.C. Civ. R. 56.1, and therefore no response is required.

Dated: April 23, 2007                               Respectfully submitted,

                                                                              PETER D. KEISLER
Assistant Attorney General

JEFFREY A. TAYLOR
United States Attorney

JAMES J. GILLIGAN
Assistant Branch Director

  /s/ Peter J. Phipps
PETER J. PHIPPS
United States Department of Justice

Civil Division, Federal Programs Branch
Tel: (202) 616-8482
Fax: (202) 616-8470
peter.phipps@usdoj.gov

<u>Mailing Address:</u>
Post Office Box 883
Washington, D.C.  20044

<u>Courier Address:</u>
20 Massachusetts Ave., N.W.
Washington, D.C. 20001

Attorneys for Defendants