UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

|  |  |
|---|---|
| SINGLE STICK, INC., ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 06-1077 (RWR) |
| ) | |
| v. ) | |
| ) | |
| MICHAEL JOHANNS and the UNITED ) | |
| STATES DEPARTMENT OF ) | |
| AGRICULTURE, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' NOTICE OF WITHDRAWAL OF ARGUMENT**

Defendants Michael Johanns and the United States Department of Agriculture (collectively "USDA") hereby give notice that they withdraw one of their arguments in defense of the above-captioned litigation.

In June 2006, Single Stick, Inc., initiated this litigation against USDA to dispute USDA's calculations of Single Stick's assessments due under the Tobacco Transition Payment Program, which was established by the Fair and Equitable Tobacco Reform Act of 2004 (the "Reform Act"), see Pub. L. No 108-357, 118 Stat. 1418, 1522 (Oct. 22, 2004). As part of its complaint, Single Stick sued for production and correction of the underlying data that USDA relied on to calculate Single Stick's assessment, claiming that USDA erred in denying Single Stick's request for such production and correction under the Information Quality Act ("IQA")[1]. USDA moved to dismiss Single Stick's entire complaint under Rule 12(b)(6) of the Federal Rules of Civil

---

[1] See Pub. L. No. 106-554, Tit. V, § 515, 114 Stat. 2762A-153 (Dec. 21, 2000); see also 44 U.S.C. § 3516 (note).

Procedure, and that briefing has been completed. (See Docket Entries ## 8, 9, 10). Single Stick then moved for summary judgment, and that briefing has also been completed. (See Docket Entries ## 11, 15, 16).

In response to Single Stick's attempt to seek relief under the IQA, USDA argued first that the IQA does not create a right to production or correction of agency information; second, that there would be, in any event, no right to review of a putative IQA claim under the Administrative Procedure Act; and third, that tax information submitted by tobacco manufacturers and importers to the Commodity Credit Corporation ("the CCC") is confidential tax information whose disclosure is barred under 26 U.S.C. § 6103. USDA hereby withdraws the third (and only the third) of these arguments. This withdrawal is prompted by USDA's recent Federal Register notice. See Tobacco Transition Payment Program; Release of Records, 73 Fed. Reg. 23,065 (Apr. 29, 2008) (copy attached as Ex. 1). That notice explains that after consultation between USDA and the United States Department of Treasury regarding the interplay between the Reform Act and the tax confidentiality statute, see 26 U.S.C. § 6103, it has been determined that market share information for tobacco manufacturers and importers reported to the CCC by the manufacturers and importers is not confidential tax return information:

> Previously, in the preamble to a final rule published in the Federal Register on February 10, 2005 (70 FR 7007-7014), CCC explained that, after consultation with Treasury it had determined that market share data would not be included in the assessment notices because of the confidentiality provision of 26 U.S.C. 6103 regarding tax return information filed with Treasury. However, after further consultation, it has been determined that market share data may be included in the quarterly assessments without objection under section 6103 so long as the market share information supplied is limited to information supplied to CCC by those tobacco manufacturers and importers reporting to CCC.

73 Fed. Reg. 23,065.

To be sure, the only argument before the Court that USDA withdraws is the one premised upon the confidentiality of tax return information submitted by the manufacturers and importers to the CCC. That specific argument is found at the following pages in the relevant briefing:

- Defs.' Mot. to Dismiss, Argument (D)(1)-(2), at 23-26 (Docket #8);

- Defs.' Reply in Support of Mot. to Dismiss, Argument (C)(3), at 19-21 (Docket # 10); and

- Defs.' Mem. in Opp. to Summ. Judgment, at 16-17 (Docket # 15).

This withdrawal does not affect USDA's general opposition to Single Stick's attempts to recover under the IQA. As set forth in the briefing before the Court, Single Stick does not state a claim under the IQA because the IQA does not create a right to either production or correction of agency information, nor does the Administrative Procedure Act permit judicial review of claims for production or correction of agency information.

Accordingly, it is still USDA's position that Single Stick's attempt to sue under the IQA should be dismissed, and/or judgment entered in favor of USDA.

Dated: May 6, 2008                    Respectfully submitted,

GREGORY G. KATSAS
Acting Assistant Attorney General

JEFFREY A. TAYLOR
United States Attorney

JAMES J. GILLIGAN
Assistant Branch Director

   /s/ Peter J. Phipps
PETER J. PHIPPS
United States Department of Justice

3

Civil Division, Federal Programs Branch
Tel: (202) 616-8482
Fax: (202) 616-8470
peter.phipps@usdoj.gov

<u>Mailing Address:</u>
Post Office Box 883
Washington, D.C.  20044

<u>Courier Address:</u>
20 Massachusetts Ave., N.W.
Washington, D.C. 20001

Attorneys for Defendants